IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH ARNOLD JACKSON, (TDCJ-CID #1509874) | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION H-08-1990 |
| TOMMY B. THOMAS, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Ralph Arnold Jackson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division,[1] sued in June 2008, alleging civil rights violations resulting from a denial of due process. Jackson, proceeding *pro se* and *in forma pauperis*, sued Tommy B. Thomas, the former Sheriff of Harris County, Texas, and Devon Anderson, Judge of the 177th Judicial District Court of Harris County, Texas.

For the reasons explained below, the claims lack merit and must be dismissed. An order of dismissal is separately entered.

**I.     The Allegations in the Complaint**

Jackson alleges that an independent bonding company secured his release on bond. (Docket Entry No. 9, p. 1). While on bond, Jackson was scheduled for a court appearance in the 177th Judicial District Court of Harris County, Texas before Judge Devon Anderson. Judge Anderson ordered Jackson to provide a urine sample for drug testing. The urine sample tested positive for

---

[1] At the time he filed this complaint, Jackson was confined at the Harris County Jail ("HCJ"). On July 24, 2008, Jackson advised the court that he had been transferred to the TDCJ. (Docket Entry No. 8). Online research reveals that Jackson is currently serving a fifteen-year sentence for theft under $1,500, in Cause Number 1129234. Jackson's pleadings show that he was convicted in the 177th Judicial District Court of Harris County, Texas. (Docket Entry No. 9).

drugs. Judge Anderson revoked Jackson's bond and ordered him placed in the Harris County Jail. Jackson alleges that Judge Anderson violated the Fourth Amendment by a warrantless search that was not based on probable cause and violated the federal and state constitutions. Jackson alleges that he did not know he would be subject to random drug testing. Jackson seeks $10,000,000.00 in damages.

## II. Discussion

A complaint filed *in forma pauperis* that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). 28 U.S.C. § 1915(e) requires dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006). Under 28 U.S.C. § 1915(e)(2)(A) and (B), a district court may dismiss a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee if the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Analysis

Jackson's due process claim arises from a court-ordered urine drug test when he was on bond. Jackson asserts that he was denied due process because he was not given proper notice that failing a urinalysis would result in revocation of his bond. Texas law provides that:

> (c) When setting a personal bond under this chapter, on reasonable belief by the investigating or arresting law enforcement agent or magistrate of the presence of a controlled substance in the defendant's body or on the finding of drug or alcohol abuse related to the offense for which the defendant is charged, the court or a magistrate shall require as a condition of personal bond that the defendant submit to

> testing for alcohol or a controlled substance in the defendant's body and participate in an alcohol or drug abuse treatment or education program if such a condition will serve to reasonably assure the appearance of the defendant for trial.

TEX. CODE CRIM. PRO. ANN. art. 17.03(c) (Vernon 2007).

The trial court had statutory authority to impose urinalysis as a bond condition. The statute provided that the trial court could impose urinalysis as a bond condition and revoke bond if the defendant failed the urinalysis. Notice is given in compliance with due process standards by the statute. *Burns v. Harris County Bail Bonds Bd.,* 139 F.3d 513, 521 (5th Cir. 1998) (citing *Breath v. Cronvich,* 729 F.2d 1006, 1011 (5th Cir. 1984)). Jackson's due process claim lacks merit and is dismissed. 28 U.S.C. § 1915A(b)(1).

Alternatively, this claim is barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A complaint under 42 U.S.C. § 1983 is barred when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A judgment that the defendants lacked probable cause to revoke Jackson's bond would imply the invalidity of his bond revocation. Under *Heck,* Jackson must show that the judgment revoking his bond has been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Jackson cannot make such showing. Until Jackson receives a ruling declaring the revocation of his bond invalid, he cannot file this suit under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery. . . .").

Jackson's claim challenging his bond revocation is "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

### IV.    Pendent State Claims

A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the court has dismissed Jackson's § 1983 claims, the court declines to exercise supplemental jurisdiction over the claims he asserts based on state law.

### V.    Conclusion

The action filed by Ralph Arnold Jackson (TDCJ-CID Inmate #1509874) lacks an arguable basis in law. His claims are dismissed under 28 U.S.C. § 1915A(b)(1). Jackson's motion for the appointment of counsel, (Docket Entry No. 21), is denied as moot. Any remaining pending motions are denied as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Jackson's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on June 17, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge